```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

ROMAN PRAVAK, M.D.,             )
                                )
        Plaintiff,              )
                                )
vs.                             )        No.   07-2433MlV
                                )
THE MEYER EYE GROUP, PLC,       )
DAVID MEYER, M.D., and          )
ANA FLORES, M.D.,               )
                                )
        Defendants.             )
_____

ORDER GRANTING MOTION OF DEFENDANTS FOR ENTRY OF PROTECTIVE ORDER
_____
```

Before the court is the January 25, 2008 motion of the defendants, The Meyer Eye Group, PLC, Dr. David Meyer, and Dr. Ana Flores (collectively "the Defendants"), for entry of a protective order to insure that proprietary and sensitive documents and information produced during discovery, at trial, or in other proceedings in this case remain confidential. The plaintiff, Dr. Roman Pravak, concurs on the need for a protective order for confidential patient information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and other applicable laws but opposes blanket confidential protection for trade secrets, other commercial information, and information other than protected health information.

The Defendants' motion for protective order was referred to the United States Magistrate Judge for determination. For the reasons that follow, the Defendants' motion for protective order is

granted.

PROCEDURAL AND FACTUAL BACKGROUND

The plaintiff, Dr. Pravak, and the individual defendants, Dr. Meyer and Dr. Flores, in this case are all physicians. The defendant, The Meyer Eye Group, PLC, is an opthalmalogy practice. The claims and counterclaims in this case relate to whether the defendants improperly forced out Dr. Pravak as a member of the Meyer Eye Group, PLC, or whether Dr. Pravak voluntarily withdrew and abandoned his interest.

The Defendants insist that discovery in this case will entail the production of documents and information consisting of confidential medical records of patients; financial and competitive business information of the The Meyer Eye Group, PLC; personal information of the parties, employees, and patients; and other confidential information. (Defs.' Mem. Supp. 2.) The parties had negotiated and agreed upon some of the terms of a protective order, but were unable to agree on the following key points during negotiations: (1) the procedure for challenging "confidential" designations; (2) the type of information covered by the protective order, specifically, business information, financial records, employment records, and personal information of parties and non-parties; (3) waiver of confidentiality if the document or testimony is filed with the court in a pleading or introduced at trial; and (4) the protection afforded documents and information obtained from third parties. (See Defs.' Mem. Supp. Ex. B., Dr. Pravak's

2

Stipulated Protective Order.)

The proposed Qualified Protective Order filed by Dr. Pravak in opposition to the Defendants' motion, however, was more limited than the draft of Dr. Pravak's Stipulated Protective Order exchanged during negotiations. (Pl.'s Mem. Opp'n., Ex. A, Pl.'s Qualified Protective Order.) Dr. Pravak's current proposed Qualified Protective Order is strictly limited to protection of qualified health information and contains no provisions for designating any other type of information as confidential. (*Id.*) Dr. Pravak opposes a protective order for other types of information on the grounds that the Defendants have not shown good cause or specific harm that would result from disclosure.

## ANALYSIS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by a party, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place, for the disclosure or discovery . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1)(B), (G), (H). Protective orders serve essential functions in civil adjudications,

3

including the protection of the parties' privacy and property rights. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). The burden of establishing good cause for a protective order is on the movant. *Nix v. Sword*, 11 F. App'x. 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). The burden is on the party seeking discovery to establish that the protective order would substantially impede his ability to discover evidence necessary to prosecute his case. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999). "Where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment. *Seattle Times Co.,* 467 U.S. at 37.

A.  Procedure for Challenging "Confidential" Designations

The Defendants' proposed Protective Order contains a provision allowing either party to designate documents or testimony as "Confidential." (Defs.' Mem. Supp., Ex. A, Defs.' Proposed Protective Order, ¶ 7.) It also contains a provision setting forth a procedure for the parties to challenge another party's designation of information as "Confidential." (*Id*. at ¶ 18.) If the parties cannot resolve their dispute, the Defendants' proposed Protective Order requires the challenging party to file a motion with the court. (*Id*.) Dr. Pravak argues that this procedure

4

inappropriately gives an advantage to the party seeking confidentiality protection.

The court finds the procedure contemplated by the Defendants' proposed Protective Order to be fair and appropriate. The burden of proving confidentiality still remains with the party seeking "Confidential" status. Only the burden of initiating the motion is on the party seeking discovery. This procedure places no greater burden on the requesting party than do Rules 34 and 37 of the Federal Rules of Civil Procedure which require a party seeking discovery to file a motion to compel if another party objects to producing requested documents. In addition, this procedure has been utilized successfully by the court in a number of cases. Accordingly, Dr. Pravak's concerns are without merit, and the court endorses the procedure proposed by the Defendants.

B.   Health Information Regardless of Source

HIPAA expressly requires a qualified protective order prior to disclosure of protected health information in a judicial proceeding. 45 C.F.R. § 164.512(e)(1)(v). The protective order must prohibit "the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested." 45 C.F.R. § 164.512(e)(1)(v)(A). The Defendants' proposed Protective Order satisfies the HIPAA requirements. In addition, the Defendants' proposed Protective Order preserves protection of HIPAA protected health information regardless of the source of the information,

that is, whether it is provided by parties or obtained from third parties. Dr. Pravak's earlier Stipulated Protective Order did not, and his current Qualified Protective Order does not explicitly address the issue.  Because the restriction on dissemination of information obtained from other sources applies only to HIPAA protected health information, the court finds that there is no First Amendment violation.  Accordingly, the court finds the Defendants' Protective Order to be appropriate in this regard.

C.   <u>Business and Commercial Information, Employment Records, and Personal Information</u>

Rule 26 expressly provides that a protective order can be granted to protect "commercial information" of a party.  FED. R. CIV. P. 26(c)(1)(G).  When assessing the need for a protective order to govern the discovery of commercial information, the court "must balance the risk to [one party] of inadvertent disclosure of trade secrets to competitors against the risk to [the other party] that protection of [these] trade secrets" will impair the parties' ability to proceed effectively with the lawsuit.  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *see also Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 525-26 (W.D. Tenn. 1999)(in deceptive trade practice case, balancing the need for information against the possible harm of disclosure in determining whether confidential commercial information and trade secrets must be disclosed).  While the Defendants admit that much of the commercial information it seeks to protect does not arise to

the level of "trade secrets," they insist that it is still appropriate to protect its confidential nature and limit its use and disclosure. (Defs.' Mem. Supp. 6.)

The Meyer Eye Group's financial data and accounting records are not available to the public, to its competitors, or to all of its employees and are therefore confidential. In addition, Dr. Pravak is a former employee of The Meyer Eye Group and may be a direct competitor. (*Id.*) As such, he could theoretically use the Meyer Eye Group's confidential financial information to his commercial advantage if the use of such information is not limited. Accordingly, the defendants have demonstrated good cause for protection of these documents. *See Mitchell v. Metropolitan Life Ins. Co., Inc.*, No. 03 Civ. `10394(WHP) 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004)(finding protective order warranted to preserve confidentiality of company's financial information). Dr. Pravak has not demonstrated to the court how the proposed protective order would impede his discovery.

Employee records and personnel files contain inherently sensitive and confidential information such as social security numbers, disciplinary actions, addresses, phone numbers, financial and tax information, banking information, and medical and health information. Public disclosure of sensitive personal information could cause embarrassment and create safety risks. Sensitive personal information is likewise entitled to protection. *Knoll*, 176 F.3d at 365 (finding protective order warranted in civil

7

rights case to protect nonparty personnel files based on privacy and security interests); *Mitchell*, 2004 WL 2439704 at *2 (finding protective order warranted to preserve confidentiality of private information of individual employees). Dr. Pravaks's proposed Qualified Protective Order does not offer any protection to these categories of information but the Defendants' proposed Protective Order does. Dr. Pravak has not shown how the Defendants' proposed Protective Order would impair his discovery efforts. Accordingly, the court finds adoption of Defendants' proposed Protective Order is warranted to protect the parties' trade secrets, commercial information, and personal information of parties, patients, and employees.

D. <u>Waiver of Confidentiality</u>

The Defendants' proposed Protective Order contains a provision which requires "Confidential" information filed with the court to be filed under seal. (Defs.' Mem. Supp., Ex. A, ¶ 15.) If "Confidential" information is to be used at trial, the parties are required to attempt to agree on its use. (*Id.*) Dr. Pravak's earlier proposed Stipulated Protective Order provides that "Confidential" documents filed with the court lose their confidential status and can be used for any purpose. (*See* Defs.' Mem. Supp., Ex. B.) Dr. Pravak's current proposed Qualified Protective Order maintains confidentiality for only protected health information if filed with the court and not for any other category of information. (Pl.'s Mem. Opp'n., Ex. A.)

8

The Defendants insist that Dr. Pravak's proposal could result in exploitation of confidential information by the other party. According to the Defendants, Dr. Pravak could take "Confidential" information produced by the Defendants in discovery, file it with the court thus causing it to lose its confidential status, then use the information for any purpose including a competitive advantage.  The Defendants argue that Dr. Pravak's proposal offers no protection.

The court agrees with the Defendants and adopts the Defendants' proposed provisions governing filing of "Confidential" information with the court and its use at trial.

## CONCLUSION

After considering the parties' respective positions and interests, the Defendants' motion for protective order is granted. The Defendants' protective order will be entered by separate order.  Defense counsel is directed to send the order in WordPerfect format to ECF_Judge_Vescovo@tnwd.uscourts.gov for entry.

IT IS SO ORDERED this 7th day of March, 2008.


 s/ Diane K. Vescovo
 DIANE K. VESCOVO
 UNITED STATES MAGISTRATE  JUDGE